RECEIVED
JUN 14 2022
U.S. DISTRICT COURT
GREENVILLE, S.C.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

UNITED STATES OF AMERICA

v.

[REDACTED]
WENONA KOREA WELLS
SECORIA TALKIA JEMISON

CR. NO.: 8:22 CR 503

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 841(b)(1)(D)
21 U.S.C. § 846
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 924(e)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(h)
18 U.S.C. § 924(d)(1)
18 U.S.C. § 982(a)(1)
21 U.S.C. § 853
21 U.S.C. § 881
28 U.S.C. § 2461(c)

**SEALED INDICTMENT**

**COUNT 1**

Conspiracy to Possess with Intent to Distribute Marijuana

THE GRAND JURY CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around October 2015, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the Defendants, [REDACTED] and WENONA KOREA WELLS, knowingly and intentionally did combine, conspire and agree together and have tacit understanding with others, both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance;

a. With respect to the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and

b. With respect to WENONA KOREA WELLS, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

All in violation of Title 21, United States Code, Section 846.

**COUNT 2**

Possession with Intent to Distribute Marijuana

THE GRAND JURY FURTHER CHARGES:

That on or about January 8, 2020, in the District of South Carolina, the Defendant, knowingly, intentionally and unlawfully did possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

**COUNT 3**

Felon in Possession of Firearms and Ammunition

THE GRAND JURY FURTHER CHARGES:

That on or about January 8, 2020, in the District of South Carolina, the Defendant, [redacted] knowingly possessed firearms and ammunition, which had been shipped and transported in interstate and foreign commerce, that is, two (2) Canik, model TP9, 9mm pistols and 9mm ammunition, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(l), 924(a)(2), and 924(e).

**COUNT 4**

Possession of Firearms in Furtherance of Drug Trafficking

THE GRAND JURY FURTHER CHARGES:

That on or about January 8, 2020, in the District of South Carolina, the Defendant, [redacted] knowingly did possess firearms in furtherance of a drug trafficking crime as set forth in Count 2 of this Indictment, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

**COUNT 5**

Felon in Possession of a Firearm and Ammunition

THE GRAND JURY FURTHER CHARGES:

That on or about February 4, 2020, in the District of South Carolina, the Defendant, [REDACTED] knowingly possessed a firearm and ammunition, which had been shipped and transported in interstate and foreign commerce, that is, a Canik, model P120, 9mm pistol and 9mm ammunition, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

**COUNT 6**

Conspiracy to Commit Money Laundering

THE GRAND JURY FURTHER CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least as early as 2019, and continuing up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the Defendants, [REDACTED] WENONA KOREA WELLS and SECORIA TALKIA JEMISON, knowingly and willfully did combine, conspire, and agree together and have tacit understanding with others, both known and unknown to the grand jury,

(a) to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of a specified unlawful activity, that is drug trafficking in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and further knowing that the transactions were designed, in whole and in part,

to conceal and disguise the nature, the location, the source, the ownership, and the control of the property, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

MANNER AND MEANS

1. It was a part of the conspiracy that the Defendant, [redacted] exchanged smaller denominations of United States currency, the proceeds of drug trafficking, for larger denominations and transferred such proceeds to a Cash App account linked to accounts at financial institutions, the deposits of which were federally insured.

2. It was further a part of the conspiracy that [redacted] convinced other individuals to open and use individual and joint accounts at the financial institutions to conduct the currency exchange and Cash App transfer transactions on his behalf and for his benefit. At various times during the conspiracy, drug proceeds were co-mingled with the account holders' legitimate funds.

OVERT ACTS

1. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of South Carolina and elsewhere:

a. From at least March 2019 up to and including the date of this Indictment, [redacted] WENONA KOREA WELLS and SECORIA TALKIA JEMISON conducted currency exchange and Cash App transfer transactions and directed others to conduct such transactions in the amount of approximately $378,422.00 at Greenwood Municipal Federal Credit Union, a financial institution the deposits of which were insured by the National Credit Union Association.

b. From at least August 2019 up to and including the date of this Indictment,

and WENONA KOREA WELLS conducted currency exchange and money transfer app transactions in the amount of approximately $75,690.00 at Wells Fargo Bank, N.A., a financial institution the deposits of which were insured by the Federal Deposit Insurance Corporation.

c. From at least March 2019 up to and including the date of this Indictment, the Defendants conducted approximately $454,112.00 in currency exchange and Cash App transfer transactions at Greenwood Municipal Federal Credit Union and Wells Fargo Bank, N.A.

All in violation of Title 18, United States Code, Section 1956(h).

**FORFEITURE**

DRUGS/FIREARMS OFFENSES:

Upon conviction for felony violations of Title 18 and Title 21, United States Code as charged in this Indictment, the Defendants, [redacted] and WENONA KOREA WELLS, shall forfeit to the United States all of the Defendants' rights, title, and interest in and to any property, real and personal,

(a) constituting, or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

(b) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code;

(c) any firearms and ammunition (as defined in 18 U.S.C. § 921)-

(1) used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

(2) involved in or used in any knowing violations of 18 U.S.C. §§ 922 or 924, or violation of any other criminal law of the United States or intended to be used in a crime of violence.

MONEY LAUNDERING OFFENSE:

Upon conviction for violation of Title 18, United States Code, Section 1956(h), as charged in this Indictment, the Defendants, [redacted] WENONA KOREA WELLS and SECORIA TALKIA JEMISON, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendants obtained directly or indirectly as a result of such offense and any property, real or personal, involved in a transaction or attempted transaction, in violation of 18 U.S.C. § 1956.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 924(d)(1) and 982(a)(1), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for the offenses charged in this Indictment includes, but is not limited to, the following:

(a) Firearms:

(1) Canik, model TP9 Elite, 9mm pistol
Serial Number: 19CB03843

(2) Canik, model TP9 SFX, 9mm pistol
Serial Number: 18BC23535

(3) Canik, model P120, 9mm pistol
Serial Number: 18AR00127

(b) Ammunition:

Miscellaneous rounds of 9mm ammunition

(c) Proceeds/ Forfeiture Judgment:

A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the Title 21 offenses and/or equal to all property involved in the offenses charged in this Indictment, that is, a minimum of $454,112.00 in United States currency and all proceeds traceable thereto, as a result of their violations of 21 U.S.C. §§ 841 and 846.

(d) Money Laundering/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the money laundering offense and/or equal to all property involved in the offense charged in this Indictment, that is a minimum of $900,000.00 in United States currency and all proceeds traceable thereto, as a result of their violations of 18 U.S.C. § 1956(h).

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of Defendants up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 18, United States Code, Sections 924(d)(l) and 982(a)(1), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

A TRUE Bill

REDACTED

FOREPERSON

COREY F. ELLIS
UNITED STATES ATTORNEY

BY: ______________________
LEESA WASHINGTON (FED. ID 06973)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, South Carolina 29601
Telephone: (864) 282-2100
Email: Leesa.Washington@usdoj.gov